### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOUTHWESTERN BELL YELLOW PAGES, INC., d/b/a SBC SOUTHWESTERN BELL YELLOW PAGES, INC., <br><br>   Plaintiff,<br>v.<br><br>SHARON ROSS, an individual, d/b/a BAIL BONDS BY MYRA,<br><br>   Defendant/Third-Party Plaintiff,<br><br>v.<br><br>SYLIDIA ITALIANO, individually and as personal representative of THE ESTATE OF MYRA L. WINN, et al.,<br><br>   Third-Party Defendants. | NO. CIV-05-0531-HE |

### ORDER

Third-party defendants Board of County Commissioners of Oklahoma County and Sheriff John Whetsel filed their notice of removal of this action from the District Court of Oklahoma County within thirty days of the date upon which they were added as third-party defendants.[1]  The notice of removal was not joined in by all defendants in the case. Although plaintiffs did not object to the removal based on the lack of unanimity on the part

---

[1] *The Court previously remanded this case following another party's effort to remove it without the consent of all of the then-defendants. Order, September 14, 2004. These third-party defendants were later added as parties and were served on April 18, 2005, and April 15, 2005, respectively. Their removal notice was filed May 13, 2005.*

of defendants, the Court raised the issue *sua sponte*, directing the parties to brief the issue of whether the case was properly removed and, ultimately, whether this Court had jurisdiction to proceed. The parties have done so.[2]

Inasmuch as plaintiffs did not raise any objection to the removal within thirty days of filing of the notice, any defect in removal that is based on a defect other than lack of jurisdiction is waived. *See* 28 U.S.C. §1447(c). The Tenth Circuit Court of Appeals has viewed the failure of all defendants to join in a removal petition as a procedural, rather than a jurisdictional, defect. Sheet Metal Workers Int'l Ass'n, AFL-CIO v. Seay, 693 F.2d 1000, 1005 n.8 (10th Cir. 1983); Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981). As a result, the defect is subject to being waived if timely objection is not made. *See* 28 U.S.C. §1447(c); Farmland Nat'l Beef Packing Co. L.P. v. Stone Container Corp., No. 04-3028, 2004 WL 830769, at *2-3 (10th Cir. 2004);[3] Quested v. Mortgage Plus, Inc., No. 01-1394-WEB, 2002 WL 810301, at *7 (D. Kan. 2002). Here, as noted above, plaintiffs did not timely object to the removal.

Accordingly, the Court concludes any defect based on the failure of all defendants to join in the removal does not affect its jurisdiction and is not, under the circumstances present here, a basis for remanding the case. The case will proceed here in accordance with the

---

[2] *At approximately the same time as the parties' briefs were filed, a consent to removal by the previously non-consenting defendants was filed. This non-timely consent appears to have no impact on the resolution of the present issue.*

[3] *Farmland is an unpublished opinion cited for persuasive value only pursuant to 10th Cir. R. 36.3(B).*

scheduling order entered September 8, 2005.

**IT IS SO ORDERED**.

Dated this 14th day of September, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE